UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROSE BACHELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09-cv-436-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Rose Bachelder seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under Title XVI of the Social Security Act. The Commissioner opposes the motion, arguing that the decision to defend the administrative law judge's ruling was substantially justified. Alternatively, the Commissioner argues for a reduction in the amount of fees sought. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $3,103.67.

**LEGAL STANDARD**

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

> States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has explained that a fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

## DISCUSSION

Bachelder asserts prevailing party status by virtue of securing a remand. (EAJA Application at 1, Doc. No. 23.) The Commissioner objects to a fee-shifting award on the ground that its denial of Bachelder's claims was substantially justified. (Def.'s Opp'n at 3-6, Doc. No. 24.) If an award does issue, the Commissioner requests that it be calculated based on a slightly reduced hourly rate for legal work and a substantially reduced rate for travel time. (Id. at 6-8.)

**A. Substantial justification**

The Commissioner does not dispute that Rose Bachelder is the prevailing party in this litigation. See Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 101-102 (1991). However, Bachelder was unsuccessful in her appeal of the Commissioner's decision to reject her Title II claim. Based on the Court's resolution of the Title II claim, the Commissioner was substantially justified in rejecting the Title II claim. Bachelder's Title XVI claim remains alive, however, because she prevailed, at Step 4 of the sequential evaluation process, due to developments in her medical condition between an October 2007 consulting expert's physical residual functional capacity assessment and the administrative hearing before the Administrative Law Judge in early 2009. In a nut shell, it was determined that the Judge erred by acknowledging that hip bursitis was a new, severe impairment at Step 2, and

then assessing its limiting effects (in combination with other severe impairments and another new physical condition, plantar fasciitis) without consulting with a medical expert. (Report and Recommended Decision (R&R) at 11-13, Doc. No. 20.) This ruling also depended, in part, on the procedural guarantees of the Commissioner's regulations. (Id. at 13 n.7.)

The Commissioner argues that his Administration was substantially justified in proceeding as it did because the Recommended Decision adopted by the Court expressed the view that a layperson could not explain "why bilateral hip bursitis and plantar fasciitis of the left foot would preclude the sedentary work identified by the vocational expert." (Def.'s Opp'n at 5 & n.1, quoting R&R at 13 n.7.) However, the point was that the Administrative Law Judge is also considered a layperson under the regulations and is prohibited from assuming the role of medical expert. The Judge was not substantially justified in donning the medical expert mantle, and the Commissioner was not substantially justified in defending his decision to do so.

The Commissioner also argues that substantial justification is present here because the R&R described the dispute as a close question. (Id. at 5-6.) Many remanded social security proceedings present close questions of law and fact, but most, if not all, are remanded on the basis of reasonableness determinations about the weight of the evidence. A remand based on reasonableness considerations reflects that the Commissioner's litigation position was not substantially justified. Dionne v. Barnhart, 230 F. Supp.2d 84, 86 (D. Me. 2002) (finding Commissioner's position was not substantially justified where administrative proceedings were "sufficiently flawed that remand for further consideration is warranted").

The only persuasive argument the Commissioner raises against the EAJA fee application is that Bachelder had only partial success because she lost her Title II claim. The Commissioner explains that Bachelder lost on her allegations of error at Step 2 and Step 3 of the sequential

3

evaluation process. (Def.'s Opp'n at 3-4.) Based on the Court's analysis, Bachelder needed to win on one of these arguments in order to obtain a remand with regard to her Title II claim.

**B. Scope of Award**

A fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989). A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. Id. at 1479. A district court "should . . . equitably reduced the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's *reasonable* position." Id. at 1480.

Although Bachelder's counsel lost on one of her two claims and on her assertions concerning mental health symptoms and a listing argument, adequate representation of Bachelder on her Title XVI reasonably would have required the lion's share of effort exerted by counsel in this case. The only entries subject to equitable reduction on this ground are the billing entries made on March 21, 23-26, and June 13, 2010, when counsel worked on the Statement of Errors.[1] Counsel expended eight hours of effort on those dates, which I reduce by 2 on equitable grounds.

**C. Hourly Rates**

Bachelder's application requests an hourly rate of $175.75, which is calculated on the basis of a statutory rate, adjusted for inflation. (Fee App. at 2.) The Commissioner objects to using this rate across the board for all attorney time and references a consumer price index setting hourly rates based on cost of living adjustments. The chart offers appropriate rates that shift on a monthly basis. (Def.'s Opp'n at 6-7.) The Commissioner asks that the Court not base

---

[1] All of the preparation and oral argument time expended on June 14 would have been expended in any event, which is why I do not propose an equitable reduction for June 14, except insofar as travel time is concerned, as discussed in the body of this Recommended Decision.

4

its award on an hourly rate in excess of $175. (Id.) Bachelder states that she is willing to abide by an exercise of judicial discretion that places the hourly rate at $175 (Reply at 6, Doc. No. 25). I determine that the most appropriate hourly rate for attorney effort is $174.72, the rate set for March 2010, which is where the mode lies in terms of the number of billing entries associated with this proceeding. One dollar and three cents per hour, spread over all EAJA applications nationwide, is not a negligible sum.

The Commissioner also requests that the hourly rate be cut by half for travel time and that fee-shifting for travel time be further reduced to account for the fact that counsel traveled to Bangor for oral argument in multiple cases, not just in this case. (Def.'s Opp'n at 7-8.) Francis Jackson, Bachelder's counsel, objects on both scores, stating that the statutory EAJA rate already reduces his hourly rate well below what he might otherwise charge a paying client. He attests to receiving hourly rates of $395 or more per hour pursuant to fee-shifting awards made in other contexts, and also references his 30 years of experience in social security disability matters. (Aff. of Francis Jackson ¶ 5, Doc. No. 23-2.) He also objects to apportionment among the cases scheduled for oral argument, asserting that ethics rules only prevent an attorney from billing multiple clients for the same travel time. (Reply at 6-8.)

The EAJA sets a cap on rates paid by the United States.[2] United States v. Knott, 256 F.3d 20, 27 (1st Cir. 2001). It does not set a floor. For some attorneys, the statutory rate will exceed their market rate. For others this will not be the case. Counsel's affidavit asserts that the EAJA hourly rate already imposes a reduced rate of compensation in comparison to the market rate for his services. However, his affidavit does not demonstrate what the actual market rate is. The fact that counsel may realize rates in the range of $400 per hour in some cases taken on a

---

[2] It also precludes a fee-shifting award for individuals having a net worth in excess of $2,000,000 or who owns an unincorporated business with a net worth in excess of $7,000,000. 28 U.S.C. § 2412(d)(2)(B).

contingency basis, does not establish that a client would agree to pay an hourly fee at that level irrespective of outcome, rather than seek out alternative representation.

I agree that an attorney's hourly rate should be reduced for time spent on tasks other than legal work. This District has taken that approach in other fee settings, shifting fees for travel time at markedly reduced rates. See, e.g., Johnson v. Spencer Press of Me., Inc., Civ. No. 02-73-P-H, 2004 U.S. Dist. Lexis 16560, *16-17, 2004 WL 1859791, *5 (D. Me. Aug. 19, 2004) (Cohen, Mag. J., R&R) (Title VII and Maine Human Rights Act)[3]; Adams v. Bowater, Civ. No. 00-12-B-C, 2004 U.S. Dist. Lexis 9247, *26-27, 2004 WL 1572697, *8 (D. Me. May 19, 2004) (Kravchuk, Mag. J., R&R) (ERISA). Counsel's affidavit does not represent that he would bill $395 per hour for travel time to a paying client or that the practice of billing full rate for travel is generally observed in this market. Here, the United States has requested that travel time be paid at one-half the otherwise applicable rate. Based on that request, I recommend that counsel's four hours of travel time be compensated at the rate of $87.00 per hour. However, the award recommended herein is not further reduced to apportion travel time across all of counsel's scheduled cases. If counsel had succeeded on more than one case, apportionment would be appropriate to prevent a multiplied award, but that is not the case this time.

**D.      The Lodestar**

The hours reasonably expended on legal work to challenge government action that was not substantially justified totals 15.45. Counsel justifiably delegated work on the fee application to a paralegal, whose time comes to 0.75 hour. This Court has previously allowed paralegal time to be shifted to the United States at the rate of $75 per hour and the Commissioner has not offered an objection to Bachelder's request for that hourly rate. See, e.g., Adams v. Astrue, Civ.

---

[3]      The motion for fees in Spencer Press was terminated upon entry of a consent order subsequent to issuance of Magistrate Cohen's Recommended Decision.

No. 09-356-B-W, 2010 U.S. Dist. Lexis 62124, *3, 2010 WL 2287473, *1 (D. Me. June 1, 2010) (R&R on fee appl.), adopted, 2010 U.S. Dist. Lexis 62061 (D. Me. June 22, 2010).

Based on these hourly figures and rates, the attorney and paralegal legal work in this case supports a fee-shifting award of $2,755.67. I recommend that Attorney Jackson's non-legal work (travel time of four hours for argument in Bangor) be compensated with an additional fee-shifting award of $348.

**Conclusion**

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the amount of $3,103.67.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 29, 2010

7